1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ROBERT CAVAZOS,                          No.  2:24-cv-0482 AC P

12              Plaintiff,

13        v.                                   ORDER

14    C. HERNANDEZ, et al.,

15              Defendants.

16

17        Plaintiff, a state prisoner, is proceeding without counsel on this civil rights action pursuant

18    to 42 U.S.C. § 1983.  Pending before the court are plaintiff's motions (1) for a 60-day extension

19    of time to notify the court whether he wants to proceed on the screened complaint or wishes to

20    file an amended complaint, and (2) for appointment of counsel.  ECF No. 11.

21        I.   Motion for Extension of Time

22        Good cause appearing, the court will grant the motion for a 60-day extension of time to

23    file the "Notice of Election."  The court reminds plaintiff that the deadline to file the "Notice of

24    Election" is not the deadline to file an amended complaint.  It is the deadline to inform the court,

25    using the "Notice of Election," how the plaintiff wants to proceed.  Once the court receives the

26    "Notice of Election," the court will issue a subsequent order directing service or instructing the

27    plaintiff to file an amended complaint within a certain timeframe.

28    ////

1    II.  Motion for Appointment of Counsel

2        Plaintiff claims he needs counsel because he has mental health diagnoses, he takes mental

3    health prescription medication, he participates in several prison programs that take up a lot of

4    time, and he has multiple ongoing civil actions.  ECF No. 11 at 1-3.

5        The United States Supreme Court has ruled that district courts lack authority to require

6    counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490

7    U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the

8    voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

9    1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

10        The test for exceptional circumstances requires the court to evaluate the plaintiff's

11    likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

12    light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

13    1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances

14    common to most prisoners, do not establish exceptional circumstances that would warrant a

15    request for voluntary assistance of counsel.  "Mental impairment may be grounds for appointment

16    of counsel in certain situations, but the impairment must be an incapacitating mental disability

17    and the plaintiff must present substantial evidence of incompetence").  Fletcher v. Quin, No. 15-

18    cv-2156 GPC (NLS), 2018 WL 840174, at *2, 2018 U.S. Dist. LEXIS 23640, at *4 (S.D. Cal.

19    Feb. 13, 2018) (citation and quotation marks omitted).

20        Exceptional circumstances do not exist in this case.  Plaintiff has been able to articulate

21    cognizable claims without counsel and the claims he has put forth are not complex.  The

22    circumstances he describes are not uncommon to most prisoners.  And he has not put forth

23    substantial evidence to support that any of his mental health diagnosis make him unable to

24    represent himself.  Accordingly, plaintiff's motion to appoint counsel is denied.

25        IT IS HEREBY ORDERED that:

26        1.  Plaintiff's motion for an extension of time to file the "Notice of Election" (ECF No.

27    11) is granted;

28        2.  Plaintiff's motion for appointment of counsel (ECF No. 11) is denied; and

1          3. Within sixty (60) days of service of this order, plaintiff shall complete and return the

2   "Notice of Election."

3   DATED: January 27, 2025

4   _____
    ALLISON CLAIRE

5   UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        3