UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CAVAZOS, | No. 2:24-cv-0482 AC P |
| Plaintiff, | |
| v. | ORDER |
| C. HERNANDEZ, et al., | |
| Defendants. | |

Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. On December 27, 2024, the court screened the complaint, and plaintiff was given the option of amending the complaint or proceeding immediately on cognizable claims against certain defendants only. ECF No. 8. Plaintiff was advised that if he elected to proceed on the case as screened, his claims against Willard and Doe 4 will need to be severed from his claims against Herrera and Doe 5. Id. at 4-5. Plaintiff was further advised that "[t]he Clerk of the court will be directed to open a separate action and assign the undersigned to that case. Plaintiff will be responsible for the filing fees in both cases." Id. at 5.

Plaintiff has now notified the court that he would like to proceed immediately on his excessive force claims against Willard, Doe 4, and Herrera; and unreasonable and harassing strip search, failure to protect, and deliberate indifference to medical needs claims against Doe 5 without amending the complaint. ECF No. 13. Plaintiff acknowledges that this constitutes a

voluntary dismissal without prejudice of his First, Sixth, and Fourteenth Amendment claims. Id.

Per the screening order, the court has determined that not all defendants are properly joined in this action. Because plaintiff has elected to proceed on his claims against Willard, Herrera, and Does 4 and 5, the court will order that plaintiff's claims against these defendants be severed. Plaintiff claims against defendants Willard and Doe 4 will proceed in this action, while the claims against defendants Herrera and Doe 5 will proceed in a civil action to be opened by the Clerk of the Court and deemed filed as of February 15, 2024.[1] The Clerk of the Court will be directed to assign the new action to the same district judge and magistrate judge assigned to the instant action. The Clerk of the Court shall make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's Notice of Election (ECF No. 13) shall be construed as a VOLUNTARY DIMISSAL of plaintiff's First, Sixth, and Fourteenth Amendment claims pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

2. The claims against defendants Herrera and Doe 5 are severed from the claims against defendants Willard and Doe 4.

3. The claims against defendants Willard and Doe 4 shall proceed in Case No. 2:24-cv-0482 AC P.

4. The Clerk of the Court is directed to:

   a. Open a separate civil action against defendants Herrera and Doe 5, deemed filed as of February 15, 2024;

   b. Assign the new action to the district judge and magistrate judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

////

////

---

[1] Plaintiff shall maintain the benefit of the prison mailbox rule in the newly opened action.

        c.  File and docket a copy of the following documents from Case No. 2:24-cv-0482 AC P in the action opened against Herrera and Doe 5:

            i.  Complaint filed February 15, 2024;

            ii.  In Forma Pauperis application filed February 15, 2024;

            iii.  Screening order, dated December 27, 2024;

            iv.  Notice of Election, dated March 10, 2025; and

            v.  This order severing the claims.

        d.  Send plaintiff an endorsed copy of his complaint bearing the case number assigned in the newly opened action.

DATED: March 21, 2025

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE